Arturo Cabán, por su tutor Leopoldo Cabán, demandante y apelante, *v.* Gregoria Ferrer, demandada y apelada.

No. 6831.—*Sometido:* Marzo 18, 1936. *Resuelto:* Marzo 31, 1936.

*A. R. Barceló, Jr.,* abogado del apelante; la parte apelada no compareció en forma alguna ante este tribunal.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Arturo Cabán, contrajo matrimonio en 1925. En octubre de 1931 se le declaró incapaz mentalmente y se le designó un tutor. En octubre de 1933 renunció el tutor y se le nombró otro en su lugar. En marzo de 1934, representado por su tutor Leopoldo Cabán, instó acción de divorcio basada en abandono. La fecha del abandono era como una semana después del matrimonio. La corte de distrito, luego de un juicio sobre los méritos, resolvió que no podía instruirse una acción de divorcio por un tutor a nombre de un pupilo demente.

El apelante cita de 2 Schouler "Marriage, Divorce, Separation and Domestic Relations," 1757, sección 1515, lo siguiente:

"Un consorte demente puede iniciar por su tutor o defensor una acción de divorcio cuando exista causa para ello, contra el cónyuge culpable, con los mismos derechos que si tal demandante estuviera en su sano juicio."

El apelante también cita 9 R.C.L. 406, sección 204, al efecto de que:

"Existe autoridad, especialmente en Inglaterra, para la contención de que un pleito de divorcio puede ser iniciado o seguido por el tutor o defensor de un cónyuge demente en beneficio de éste."

No tenemos acceso a Schouler.

En *Dillion* v. *Dillion,* 274 S. W. 217, una corte de apelaciones de Tejas toma de 2 "Bishop on Marriage and Divorce", sección 306 (*a*), el siguiente extracto:

"Hemos visto que según los recientes *dicta* ingleses una persona demente no puede entablar una acción para disolver su matrimonio. Esta proposición está sostenida por razonamientos que no son aplicables al caso de un demandado incapacitado mentalmente. Es doctrina familiar que, aunque la ley favorece el matrimonio, nadie es compelido por la misma a contraerlo. El *status* matrimonial puede asumirse solamente a voluntad, de suerte, pues, que no importa cuán provechoso pueda ser el matrimonio para un demente, éste no está capacitado para contraerlo por sí mismo, ni mediante tutor o defensor. Además, como la ley no favorece el divorcio, se negará a disolver el matrimonio en favor de una parte que no puede prestar su consentimiento. En su consecuencia, la corte del Estado de Georgia resolvió que una acción de divorcio *a vínculo* no puede ser instituída por mediación de un tutor a nombre de una esposa lunática. El derecho a entablar la acción es estrictamente personal y depende de la voluntad y del dominio exclusivos de la parte perjudicada. El juez Harris dijo: 'Si es cierto que un tutor o defensor tiene la facultad alegada, nos gustaría saber de dónde emana. En verdad no ha sido otorgada por disposición expresa de la ley ni puede legítimamente deducirse de la custodia personal del pupilo, que impone ciertos deberes a realizar por el tutor. . . Si luego de graves y repetidas infidelidades por parte del marido, la mujer ha de continuar considerándole como su esposo y ha de seguir viviendo con él en su carácter de esposa, es algo que sólo a ella toca decidir. Únicamente la muerte puede disolver la relación matrimonial sin su consentimiento y no puede ni debe obtenerse divorcio en éste ni en ningún otro caso sino mediante la concurrencia y voluntad de la esposa perjudicada.' No parece haber forma alguna de poder hacer frente al peso de este razonamiento, si el objeto del litigio es obtener la disolución del matrimonio por causa ocurrida con posterioridad a la celebración del mismo, y si la persona demente tenía conocimiento de la causa antes de su demencia y optó por no iniciar un pleito fundado en la misma, no se puede ver muy bien cómo el tutor o defensor puede optar por abrogar un estado del matrimonio que el pupilo, en su sano juicio, prefirió que continuara, puesto que el divorcio es uno de esos derechos que la parte puede ejercitar o no a voluntad. Si la causal de divorcio ocurrió o fué conocida antes de surgir la incapacidad mental, el tutor podría, con más razón, presumir que el pupilo desea que sobrevengan las consecuencias legales; sin embargo, como la mera voluntad de un tutor no puede casar a un pupilo, ¿cómo es posible que pueda divorciarlo?''

Ruling Case Law en la misma sección citada por el apelante continúa diciendo:

". . . Según la regla prevaleciente en este país, un pleito de divorcio es considerado tan estrictamente personal y volitivo que no puede ser proseguido a voluntad del tutor o defensor del cónyuge demente, aunque el resultado sea convertir el matrimonio en indiso-luble en favor de la persona incapacitada."

Véase también la nota al caso de *Mohler* v. *Shank*, 34 L. R.A. 161, subtítulo VI, "Acciones en pro de personas dementes" 166, y la nota al caso de *Fourth National Bank* v. *Diver*, 70 A.L.R. 950, 964.

El apelante también se funda en el artículo 212 del Código Civil (edición de 1930), que lee en parte como sigue:

"El tutor necesita autorización de la corte de distrito competente:
".     .     .     .     .     .     .     .

"13.—Para entablar demandas en nombre de los sujetos a tutela y para sostener los recursos de apelación o cualquiera otro que fuere legal contra las sentencias en que hubiesen sido condenados.

"Se exceptúan las demandas y recursos en los juicios verbales."

Este artículo debe ser interpretado, tal cual lo hizo la corte de distrito, en armonía con el artículo 167, que provee:

"El objeto de la tutela es la guarda de la persona y bienes, o solamente de los bienes, de los que, no estando bajo la patria potestad, son incapaces de gobernarse por sí mismos."

Interpretado en esa forma, el artículo 212 no confiere a los tutores la facultad de instituir una acción de divorcio a nombre de una persona demente. Si la doctrina americana prevaleciente ha de seguirse en esta jurisdicción, en ausencia de una disposición estatutaria en sentido contrario, debe exigirse algo más específico para evidenciar una intención legislativa de establecer una regla distinta en lo que a pleitos de divorcio concierne. Sea ello como fuere, si el aludido artículo 212 se interpretara en el sentido de que autoriza a las cortes de distrito a permitir que un tutor inicie tal pleito, la corte no agotaría su discreción al conceder permiso para radicar

una demanda, pero podría reconsiderar su actuación a ese respecto, después de decidir, como lo hizo la corte de distrito en el presente caso, que de acuerdo con la doctrina americana no debe permitirse a un tutor proseguir tal litigio a nombre de su pupilo demente. Puede ser que haya mucho que decirse en favor de la doctrina inglesa, que parece haberse seguido en Massachusetts y otros pocos estados. Aunque no tenemos el deseo de cerrar las puertas a una discusión ulterior de la materia en casos futuros, no estamos preparados para decir que la corte de distrito cometiera error en la conclusión a que llegó en el recurso de autos.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila está conforme con la sentencia y con la opinión en que se funda, excepción hecha de la reserva final que la misma contiene.

El Juez Asociado Señor Travieso no intervino.